[No. 7535. Decided October 21, 1908.]

GEORGE S. HOPKINS *et al., Respondents,* v. C. E. CRANE *et al., Appellants.*[1]

APPEAL—HARMLESS ERROR—PLEADINGS—DEFINITIONS. It is not prejudicial error to deny motions to make a complaint more definite and certain as to items of damages claimed where the allegations were reasonably comprehensive and were supplemented by a bill of particulars furnished upon demand.

CHATTEL MORTGAGES—FORECLOSURE—ACTIONS—JURISDICTION — DETERMINATION OF AMOUNT. In an action to foreclose a mortgage given to secure the plaintiff against loss by breach of a contract, it is not necessary that damages from the breach be ascertained before suit brought, jurisdiction to foreclose necessarily including the determination of the amount for which foreclosure be awarded.

[1]Reported in 97 Pac. 772.

SAME—PARTIES LIABLE—PERSONAL JUDGMENT. In an action to foreclose a mortgage securing a contract, against a party to the contract and one claiming an interest in the property, a joint personal judgment cannot be entered against both defendants.

APPEAL—COSTS—RECORD—SUPPLEMENTAL RECORD TO CURE ERROR OF CLERK. When, by a supplemental record, the clerk of the lower court certifies to a new copy of the judgment appealed from, showing a personal judgment against only one of the defendants, and that there was an inadvertent mistake in certifying the first copy on appeal, which showed personal judgment against both defendants, there is in fact but one judgment as indicated by the corrected transcript; but if, as claimed, there are two inconsistent judgments, the erroneous one should be vacated without costs to appellants, the point not having been urged below.

Appeal from a judgment of the superior court for Thurston county, Chapman, J., entered February 18, 1908, upon findings in favor of the plaintiff, after a trial before the court without a jury, in an action for damages and foreclosing a chattel mortgage given to secure the same. Affirmed.

*Ellis, Fletcher & Evans* and *Vance & Mitchell*, for appellants.

*Troy & Falknor*, for respondents.

HADLEY, C. J.—This is an action to foreclose a chattel mortgage, given to secure the performance of a contract and especially to secure the plaintiffs for all damages resulting to them from a failure of the defendant Crane to purchase meats, as provided in the agreement. The contract was in writing and was made a part of the mortgage, the execution thereof bearing date June 26, 1905. It provided, among other things, that the defendant Crane, or his assigns, should, for the period of three years, purchase, and continue to purchase, from the plaintiffs and for the Palace meat market, in Olympia, Washington, which Crane agreed to continue in business, all dressed beef and mutton which Crane or his assigns should use in carrying on the business of said meat market. Crane was to pay the plaintiffs such

prices as should be quoted by the packing houses of Seattle and Tacoma, based upon steady market quotations, and not upon such as should arise from any meat war. It was also agreed that the meats which should be furnished by the plaintiffs should be the same as those for which the market quotations are given in Seattle and Tacoma, and Crane should have the right to reject any and all inferior meats.

The complaint avers that the plaintiffs have at all times complied with the terms of the contract and mortgage, and that they now stand ready to continue to observe and fulfill in the future all the terms and conditions thereof; that the defendant Crane, from about the 23d day of October, 1905, has continuously operated said Palace meat market, but has failed and neglected from said date to purchase meats from the plaintiffs, as provided by the contract; that he failed and refused, between October 23, 1905, and January 29, 1906, to deliver to plaintiffs any orders for meats whatever, though he was advised that at all times the plaintiffs stood ready and willing to furnish the same as the agreement provided; that on or about January 29, 1906, and from that time until about February 7, 1906, he delivered orders and the plaintiffs immediately filled them by delivering at the said meat market the meats of the quantity and quality required by the orders and by the agreement, but the defendant refused to receive them; that since the last named date he has failed and refused to give to the plaintiffs any orders whatever for meats. Damages for the breach of the contract are claimed as resulting from the fact that the location of plaintiffs' slaughter house, with reference to the markets, was such as made them unable to dispose of the meats to any one else, which conditions were known to Crane. A foreclosure of the mortgage to satisfy the damage is prayed. The defendant Carstens Packing Company was made a defendant by reason of some claim which it asserts against the mortgaged property.

The defendant Crane admits the giving of the orders and the refusal to accept the meats delivered, and alleges that the meats were not offered at the prices quoted by the packing houses of Seattle and Tacoma; that the prices asked by plaintiff were much above the prices asked by the Carstens Packing Company for good, wholesome inspected meat, and that the defendant, acting within his rights under the contract, rejected the meats both because of the price and because of inferior quality. He denies other material allegations of the complaint, and says that the plaintiffs have not been damaged. The cause was tried by the court without a jury, and resulted in a judgment against the defendant Crane in the sum of $1,165, and a decree was entered foreclosing the chattel mortgage to satisfy the judgment, and also decreeing that the plaintiffs' rights in the mortgaged property are superior and prior to any rights of the defendant Carstens Packing Company. Both defendants have appealed.

It is assigned that the court erred in denying the separate motions of the appellants to make the complaint and supplemental complaint more definite and certain as to the allegations concerning the damages. We think no prejudicial error resulted from the denial of the motions. The allegations as to damages were reasonably comprehensive and, in any event, these were supplemented by itemized bills of particulars furnished on the demand of the appellants. We think the appellants were thereby sufficiently informed as to the damages claimed.

It is also contended that it was error to overrule the separate demurrers of the appellants to the complaint and supplemental complaint. We do not find that any specified ground of demurrer is well taken. We do not discover any nonjoinder of parties, and we find that the contract is a mutual one. A breach of the contract by appellant Crane is alleged, resulting in damage to respondents. These facts appearing, a cause of action was stated which was sufficient

as against demurrer. It was not necessary that the damages arising from the breach of the contract should be ascertained prior to bringing the suit to foreclose the mortgage. The mortgage was given as security for the enforcement of the contract and the court had jurisdiction to entertain an action to foreclose, which necessarily included the determination of the amount for which foreclosure should be awarded.

It is insisted that the court erred in its findings of facts. We find substantial evidence supporting the findings, and we believe they should not be disturbed. The facts were found much as alleged in the complaint, except as to the extent of the damages, the amount of the damages found to be substantially less than the sum demanded in the complaint and supplemental complaint taken together.

The complaint is made in appellants' brief, and the same contention was made at the oral argument, that the court erred in entering a joint personal judgment against both of the appellants. It is insisted that it was in no event proper to enter a personal judgment against the appellant Carstens Packing Company, and that the judgment must be reversed for that reason, if for no other. The contention that no personal judgment should go against the Carstens Packing Company is undoubtedly correct, but as the entire record is now made to appear before us, there was no such judgment entered. The original transcript as filed in this court does show what purports to be a personal judgment against "the defendants," but a supplemental transcript subsequently filed by the respondents shows such a judgment against appellant Crane only. To the supplemental transcript is attached a certificate of the clerk of the superior court to the following effect:

"I, W. M. Nunn, County Clerk and ex-officio Clerk of the Superior Court of the State of Washington, for Thurston County, holding sessions in Olympia, do hereby certify that the foregoing is a full, true and correct copy of the original Judgment of the above entitled cause as the same appears on

file in my office and of record in Journal Vol. 25 at page 138 of the Superior Court records, for Thurston County, Washington.

"I further certify that in certifying the copy of the Judgment in this cause as the same is certified to in appellants' transcript on appeal to the Supreme Court of the State of Washington, a mistake was inadvertently made in comparing said copy and the same as it appears in said transcript is not an exact, true and correct copy of the original Judgment in this cause."

Under the terms of the above certificate there is, in fact, but one entry of judgment, and that shows a personal judgment against appellant Crane only, the decree simply declaring with reference to appellant Carstens Packing Company that its interest in the mortgaged property is inferior to the lien of respondents' mortgage. It was suggested in good faith at the oral argument that two entries of judgment had been made, and that they are inconsistent in the particular mentioned. The two forms of entry appearing in the original and supplemental transcripts would so indicate, but the clerk's certificate negatives such contention. If there is to be found in the record such a judgment entry as that shown in the original transcript, it should be vacated, but without costs against the respondents, as the point does not appear to have been raised by appellants in the court below. The judgment as shown in the supplemental transcript is, however, affirmed, and the case is remanded with instructions to vacate the other judgment entry, if such exists. Otherwise the order here is for an ordinary affirmance of the judgment.

RUDKIN, DUNBAR, ROOT, MOUNT, and CROW, JJ., concur.